

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIFANG ZHANG, | No.   14-73934 |
| Petitioner, | Agency No.   A087-866-141 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2018[**]
Pasadena, California

Before:  TASHIMA and IKUTA, Circuit Judges, and KENNELLY,[***] District Judge.

Qifang Zhang petitions for review of the Board of Immigration Appeals' order

dismissing his appeal from an Immigration Judge's decision denying his application

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a).

The Board's decision is supported by substantial evidence. *See Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). Significant unexplained inconsistencies permeated Zhang's account of his mistreatment in China. The Immigration Judge gave Zhang opportunities to explain those inconsistencies, but the Board found his explanations unpersuasive and unresponsive. And, particularly relevant to the CAT claim, Zhang's only corroborating evidence consisted of reports on general trends in religious tolerance and human rights in China. The BIA concluded that those reports were insufficient by themselves to support Zhang's CAT claim. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008). We are persuaded that the record did not compel a contrary outcome.

Finally, Zhang's claim that his due process rights were violated by the Immigration Judge's conduct during the initial proceedings in his case was not raised before the Board. Zhang "therefore didn't exhaust that claim, and we lack jurisdiction to review it." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**